UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

- - - - - - - - - - - - - - - x
                       :

UNITED STATES OF AMERICA       :    SEALED
                               SUPERSEDING INDICTMENT
      - v. -          :

                       :    S3 16 Cr. 832 (KMK)

NICHOLAS TARTAGLIONE and
JOSEPH BIGGS,             :

        Defendants.   :

- - - - - - - - - - - - - - - x

## COUNT ONE

The Grand Jury charges:

1.    From at least in or about June 2015, up to and including in or about April 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.    It was a part and an object of the conspiracy that NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.    The controlled substance that NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, conspired to distribute and possess with intent to distribute was 5 kilograms

and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

4.   In or about April 2016, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit, a conspiracy to distribute, and to possess with the intent to distribute, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, intentionally and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Martin Luna, in and around a bar known as the Likquid Lounge at 69 Brookside Avenue, Chester, New York (the "Likquid Lounge"), and did aid and abet the same.

(Title 21, United States Code, Section 848(e)(1)(A); Title 18, United States Code, Section 2.)

## COUNT THREE

The Grand Jury further charges:

5.   In or about April 2016, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit, a

conspiracy to distribute, and to possess with the intent to distribute, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, intentionally and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Urbano Santiago, in and around the Likquid Lounge, and did aid and abet the same.

(Title 21, United States Code, Section 848(e)(1)(A);
Title 18, United States Code, Section 2.)

## COUNT FOUR

The Grand Jury further charges:

6.   In or about April 2016, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit, a conspiracy to distribute, and to possess with the intent to distribute, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, intentionally and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Miguel Luna, in and around the Likquid Lounge, and did aid and abet the same.

(Title 21, United States Code, Section 848(e)(1)(A);
Title 18, United States Code, Section 2.)

## COUNT FIVE

The Grand Jury further charges:

7.    In or about April 2016, in the Southern District of New York, while engaged in an offense punishable under Section 841(b)(1)(A) of Title 21, United States Code, to wit, a conspiracy to distribute, and to possess with the intent to distribute, 5 kilograms and more of mixtures and substances containing a detectable amount of cocaine, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, intentionally and knowingly killed, and counseled, commanded, induced, procured, and caused the intentional killing of Hector Gutierrez, in and around the Likquid Lounge, and did aid and abet the same.

(Title 21, United States Code, Section 848(e)(1)(A);
Title 18, United States Code, Section 2.)

## COUNT SIX

The Grand Jury further charges:

8.    On or about October 12, 2015, in the Southern District of New York, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, willfully and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, did use and carry a firearm, and, in furtherance of such drug trafficking crime, did possess a firearm, and in the course of that drug trafficking

crime did, through the use of a firearm, cause the death of Urbano Santiago, which killing was murder as defined in Title 18, United States Code, Section 1111(a), and did aid and abet the same.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT SEVEN

The Grand Jury further charges:

9.    On or about October 12, 2015, in the Southern District of New York, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, willfully and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, did use and carry a firearm, and, in furtherance of such drug trafficking crime, did possess a firearm, and in the course of that drug trafficking crime did, through the use of a firearm, cause the death of Miguel Luna, which killing was murder as defined in Title 18, United States Code, Section 1111(a), and did aid and abet the same.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT EIGHT

The Grand Jury further charges:

10.    On or about October 12, 2015, in the Southern District of New York, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the

defendants, willfully and knowingly, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, did use and carry a firearm, and, in furtherance of such drug trafficking crime, did possess a firearm, and in the course of that drug trafficking crime did, through the use of a firearm, cause the death of Hector Gutierrez, which killing was murder as defined in Title 18, United States Code, Section 1111(a), and did aid and abet the same.

(Title 18, United States Code, Sections 924(j) and 2.)

## COUNT NINE

The Grand Jury further charges:

11.  On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, and others known and unknown, unlawfully and knowingly did conspire to violate Title 18, United States Code, Section 1201.

12.  It was a part and an object of the conspiracy that NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, and others known and unknown, would and did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise a person, and used a means, facility, and instrumentality of interstate and foreign

6

commerce in committing and in furtherance of the commission of the offense, to wit, TARTAGLIONE, BIGGS, and others known and unknown agreed to inveigle, seize, and confine Martin Luna, Urbano Santiago, Miguel Luna, and Hector Gutierrez in and around the Likquid Lounge.

## Overt Act

13.   In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

a.   On or about April 11, 2016, NICHOLAS TARTAGLIONE and JOSEPH BIGGS lured Martin Luna to the Likquid Lounge, where they confined Martin Luna, Urbano Santiago, Miguel Luna, and Hector Gutierrez and would not permit them to leave the premises.

(Title 18, United States Code, Section 1201(c).)

## COUNT TEN

The Grand Jury further charges:

14.   On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise a person, and used a means,

facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense, and did aid and abet the same, to wit, TARTAGLIONE and BIGGS lured Martin Luna to the Likquid Lounge and confined Martin Luna in and around the Likquid Lounge, which resulted in the death of Martin Luna.

(Title 18, United States Code, Sections 1201(a)(1) and 2.)

### COUNT ELEVEN

The Grand Jury further charges:

15.   On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise a person, and used a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense, and did aid and abet the same, to wit, TARTAGLIONE and BIGGS seized and confined Urbano Santiago in and around the Likquid Lounge, which resulted in the death of Urbano Santiago.

(Title 18, United States Code, Sections 1201(a)(1) and 2.)

### COUNT TWELVE

The Grand Jury further charges:

16.   On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise a person, and used a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense, and did aid and abet the same, to wit, TARTAGLIONE and BIGGS seized and confined Miguel Luna in and around the Likquid Lounge, which resulted in the death of Miguel Luna.

(Title 18, United States Code, Sections 1201(a)(1) and 2.)

## COUNT THIRTEEN

The Grand Jury further charges:

17.   On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold for ransom and reward and otherwise a person, and used a means, facility, and instrumentality of interstate and foreign commerce in committing and in furtherance of the commission of the offense, and did aid and abet the same, to wit, TARTAGLIONE and

BIGGS seized and confined Hector Gutierrez in and around the Likquid Lounge, which resulted in the death of Hector Gutierrez.

(Title 18, United States Code, Sections 1201(a)(1) and 2.)

### COUNT FOURTEEN

The Grand Jury further charges:

18.   On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, knowingly traveled in interstate and foreign commerce and used the mails and any facility in interstate and foreign commerce with intent to commit a crime of violence, namely, assault and murder, to further an unlawful activity, namely, a business enterprise involving a controlled substance, and with intent to promote, manage, establish, and carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity, and thereafter did perform a crime of violence to further the unlawful activity, and did aid and abet the same, and death resulted, to wit, TARTAGLIONE and BIGGS arranged for Martin Luna to be lured to the Likquid Lounge, where Luna was killed.

(Title 18, United States Code, Sections 1952 and 2.)

### COUNT FIFTEEN

The Grand Jury further charges:

19.   On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE and

JOSEPH BIGGS, the defendants, knowingly traveled in interstate and foreign commerce and used the mails and any facility in interstate and foreign commerce with intent to commit a crime of violence, namely, assault and murder, to further an unlawful activity, namely, a business enterprise involving a controlled substance, and with intent to promote, manage, establish, and carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity, and thereafter did perform a crime of violence to further the unlawful activity, and did aid and abet the same, and death resulted, to wit, after Urbano Santiago accompanied Martin Luna to the Likquid Lounge, where Luna had been lured by TARTAGLIONE and BIGGS, Urbano Santiago was held captive and killed.

(Title 18, United States Code, Sections 1952<br>and 2.)

COUNT SIXTEEN

The Grand Jury further charges:

20.   On or about April 11, 2016, in the Southern District of New York and elsewhere, NICHOLAS TARTAGLIONE and JOSEPH BIGGS, the defendants, knowingly traveled in interstate and foreign commerce and used the mails and any facility in interstate and foreign commerce with intent to commit a crime of violence, namely, assault and murder, to further an unlawful activity, namely, a business enterprise involving one or more controlled substances, and with intent to promote, manage,

establish, and carry on, and facilitate the promotion,
management, establishment, and carrying on of the unlawful
activity, and thereafter did perform a crime of violence to
further the unlawful activity, and did aid and abet the same,
and death resulted, to wit, after Miguel Luna accompanied Martin
Luna to the Likquid Lounge, where Martin Luna had been lured by
TARTAGLIONE and BIGGS, Miguel Luna was held captive and killed.

(Title 18, United States Code, Sections 1952
and 2.)

## COUNT SEVENTEEN

The Grand Jury further charges:

21.   On or about April 11, 2016, in the Southern
District of New York and elsewhere, NICHOLAS TARTAGLIONE and
JOSEPH BIGGS, the defendants, knowingly traveled in interstate
and foreign commerce and used the mails and any facility in
interstate and foreign commerce with intent to commit a crime of
violence, namely, assault and murder, to further an unlawful
activity, namely, a business enterprise involving one or more
controlled substances, and with intent to promote, manage,
establish, and carry on, and facilitate the promotion,
management, establishment, and carrying on of the unlawful
activity, and thereafter did perform a crime of violence to
further the unlawful activity, and did aid and abet the same,
and death resulted, to wit, after Hector Gutierrez accompanied
Martin Luna to the Likquid Lounge, where Luna had been lured by

TARTAGLIONE and BIGGS, Hector Gutierrez was held captive and killed.

                    (Title 18, United States Code, Sections 1952
                                    and 2.)

### SPECIAL FINDINGS AS TO NICHOLAS TARTAGLIONE

22.   Counts Two and Ten of this Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Counts Two and Ten, alleging the murder of Martin Luna, the defendant NICHOLAS TARTAGLIONE:

a.   was 18 years of age or older at the time of the offense;

b.   intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

c.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

d.   caused the death or injury resulting in death during the commission or attempted commission of, or during the immediate flight from the commission of an offense under section 1201 (kidnapping) of Title 18 of the United States Code (Title 18, United States Code, Section 3592(c)(1));

e.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

f.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

23.    Counts Three, Six, and Eleven of this Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Counts Three, Six, and Eleven, each alleging the murder of Urbano Santiago, the defendant NICHOLAS TARTAGLIONE:

a.    was 18 years of age or older at the time of the offense;

b.    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

d.    caused the death or injury resulting in death during the commission or attempted commission of, or during the immediate flight from the commission of an offense

14

under section 1201 (kidnapping) of Title 18 of the United States Code (Title 18, United States Code, Section 3592(c)(1));

      e.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

      f.   intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

      24.  Counts Four, Seven, and Twelve of this Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Four, Seven, and Twelve, each alleging the murder of Miguel Luna, the defendant NICHOLAS TARTAGLIONE:

      a.   was 18 years of age or older at the time of the offense;

      b.   intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

      c.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

      d.   caused the death or injury resulting in death during the commission or attempted commission of, or

during the immediate flight from the commission of an offense under section 1201 (kidnapping) of Title 18 of the United States Code (Title 18, United States Code, Section 3592(c)(1));

> e.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

> f.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

25.    Counts Five, Eight, and Thirteen of this Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Counts Five, Eight, and Thirteen each alleging the murder of Hector Gutierrez, the defendant NICHOLAS TARTAGLIONE:

> a.    was 18 years of age or older at the time of the offense;

> b.    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally participated in an act,
contemplating that the life of a person would be taken or
intending that lethal force would be used in connection with a
person, other than one of the participants in the offense, and
the victim died as a direct result of the act (Title 18, United
States Code, Section 3591(a)(2)(C));

d.    caused the death or injury resulting in
death during the commission or attempted commission of, or
during the immediate flight from the commission of an offense
under section 1201 (kidnapping) of Title 18 of the United States
Code (Title 18, United States Code, Section 3592(c)(1));

e.    committed the offense after substantial
planning and premeditation to cause the death of a person (Title
18, United States Code, Section 3592(c)(9)); and

f.    intentionally killed or attempted to kill
more than one person in a single criminal episode (Title 18,
United States Code, Section 3592(c)(16)).

### SPECIAL FINDINGS AS TO JOSEPH BIGGS

26.    Counts Two and Ten of this Indictment are
realleged and incorporated by reference as though fully set
forth herein.  As to Counts Two and Ten, alleging the murder of
Martin Luna, the defendant JOSEPH BIGGS:

a.    was 18 years of age or older at the time of
the offense;

17

b.    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

d.    caused the death or injury resulting in death during the commission or attempted commission of, or during the immediate flight from the commission of an offense under section 1201 (kidnapping) of Title 18 of the United States Code (Title 18, United States Code, Section 3592(c)(1));

e.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

f.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

27.    Counts Three, Six, and Eleven of this Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Counts Three, Six, and Eleven, each alleging the murder of Urbano Santiago, the defendant JOSEPH BIGGS:

a.    was 18 years of age or older at the time of the offense;

b.    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

c.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

d.    caused the death or injury resulting in death during the commission or attempted commission of, or during the immediate flight from the commission of an offense under section 1201 (kidnapping) of Title 18 of the United States Code (Title 18, United States Code, Section 3592(c)(1));

e.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

f.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

28.   Counts Four, Seven, and Twelve of this Indictment are realleged and incorporated by reference as though fully set

forth herein.  As to Four, Seven, and Twelve, each alleging the murder of Miguel Luna, the defendant JOSEPH BIGGS:

        a.    was 18 years of age or older at the time of the offense;

        b.    intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

        c.    intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

        d.    caused the death or injury resulting in death during the commission or attempted commission of, or during the immediate flight from the commission of an offense under section 1201 (kidnapping) of Title 18 of the United States Code (Title 18, United States Code, Section 3592(c)(1));

        e.    committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

        f.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).

29.   Counts Five, Eight, and Thirteen of this Indictment are realleged and incorporated by reference as though fully set forth herein.  As to Counts Five, Eight, and Thirteen, each alleging the murder of Hector Gutierrez, the defendant JOSEPH BIGGS:

a.   was 18 years of age or older at the time of the offense;

b.   intentionally killed the victim (Title 18, United States Code, Section 3591(a)(2)(A));

c.   intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

d.   caused the death or injury resulting in death during the commission or attempted commission of, or during the immediate flight from the commission of an offense under section 1201 (kidnapping) of Title 18 of the United States Code (Title 18, United States Code, Section 3592(c)(1));

e.   committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)); and

f.    intentionally killed or attempted to kill more than one person in a single criminal episode (Title 18, United States Code, Section 3592(c)(16)).


_____
FOREPERSON

_____
JOON H. KIM
Acting United States Attorney