**SUSAN C. WOLFE, ESQ.**
Law office of Susan C. Wolfe
2400 Johnson Avenue, Suite 1G
Bronx, New York 10463

MEMO ENDORSED

Tel:   (917) 209-0441
Email: scwolfe@scwolfelaw.com

Diane Fischer, Esq.
Of Counsel

June 24, 2023

Honorable Kenneth M. Karas
United States District Judge
United State District Court
300 Quarropas Street
White Plains, NY 10601

Re: *United States v. Nicholas Tartaglione,* 16-cr-832 (KMK)

Dear Judge Karas:

Please accept this letter as a motion for reconsideration of the Court's June 13th decision regarding Mr. Tartaglione's access to the materials on his laptop. Specifically, we write to clarify and correct some of the determinations that underpin Your Honor's Order.

Your Honor indicated that, having been convicted after trial, Mr. Tartaglione is no longer entitled to "special access" to his laptop, where the bulk of the discovery and 3500 material in his case is stored. The issue is not special access, it is that Mr. Tartaglione has *no* access to his laptop.

The Court's initial Order stated that Mr. Tartaglione should have daily access to his laptop, and that Order was complied with. For sure, Mr. Tartaglione has been told that he is *allowed* to continue to use his laptop, but only on the east side, where no one is available to take him. Every morning since the verdict he has asked to be able to work on his laptop and the answer has been "You have to go to the east building and there is no one available to take you there." In fact, he has been there only once in more than two months despite daily requests. The MDC has made next to no effort to allow him to work on his case. As the Court knows from recent correspondence, he is in the SHU, where he cannot use his laptop, awaiting the outcome of the MDC's investigation of an incident that should have been resolved already by looking at the video camera.

Honorable Kenneth M. Karas
June 24, 2023
Page 2

As a result, Mr. Tartaglione essentially has *no* access to the materials on his laptop due to the east side requirement (and now the SHU).

Your Honor indicated that Mr. Tartaglione "will have access to laptops to continue to assist counsel," but that has not been the case. If the Court means that he will have access to the computer on his unit, that overworked computer is shared by 115 inmates, does not have a mouse, cannot open a large portion of the files, cannot open videos which are a significant part of this case, and obviously cannot give him access to the records on his laptop, including phone records and all of the 3500 material.

In addition, Your Honor indicated that Mr. Tartaglione has had six years to review the discovery. The laptop order in this case was signed on February 28, 2022. Mr. Tartaglione has had just over a year to review personally and thoroughly materials that are incredibly voluminous. Three months of that year were lost due to COVID resurgence restrictions.

Moreover, the 6 gigabytes of 3500 material were not provided to him until January 2023 when AUSA Comey personally had to go to the MDC and load it onto the laptop. As a result, there is a substantial amount of discovery that is only on Mr. Tartaglione's laptop and that cannot be accessed on the unit computer.

Finally, it was just two weeks before trial when Mr. Tartaglione received additional videos and evidence including Detective Vuksonovich's interview with family members. Since Your Honor's order, we have now had an opportunity to obtain the additional evidence and to review translations from Spanish to English. This translation did not occur prior to trial and the results have great significance to the constitutional issues in this case. .

The Supreme Court has held that inmates have a right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). It is "a substantive right derived from the First and Fourteenth Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). To satisfy this right, inmates must be provided with "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds*, 430 U.S. at 825. "The point is to provide prisoners with the tools they 'need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.'" *Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996).

Honorable Kenneth M. Karas
June 24, 2023
Page 3

At this stage, Mr. Tartaglione is seeking the ability to search for and retrieve specific discovery and 3500 material for his post-trial motions and appeal, including evidence that his trial counsel did not utilize at trial and to pinpoint critical evidence so that new counsel can locate it (he cannot provide copies).

While a prison may impose reasonable restrictions, the situation here has resulted in a summary denial of the tools Mr. Tartaglione needs to present constitutional claims to the Court. This access is essential so that Mr. Tartaglione can assemble the facts establishing "violations of fundamental constitutional rights [and present them] to the courts." *Bounds*, 430 U.S. at 825.

We therefore request that Your Honor reconsider the previous order and direct that MDC allow Mr. Tartaglione access to his laptop for at least four uninterrupted hours, five days per week.

Thank you for your time and reconsideration.

Respectfully,

s/

Inga L. Parsons
Susan C. Wolfe

> Motion is denied. The Court did not overlook any argument made by, of fact relied upon, Mr. Tartaglione in support of his original motion. As noted in the Court's decision to deny the original motion, Mr. Tartaglione was given special access to a dedicated laptop in preparation for trial and when he was facing the death penalty. The trial is over and the Government withdrew its death notice four months before trial began. The result of the expiration of the order is not that Mr. Tartaglione is without any ability to review discovery. Rather, he has the same computer access as any other MDC inmate and has the same ability to meet with his numerous attorneys. Mr. Tartaglione, in both his original motion and his motion for reconsideration, has failed to explain why he should continue to be given special treatment, especially given that he has had more than ample time to review the Rule 16 discovery (provided years before his trial began) and the 3500 material (provided months before the trial began).
>
> So Ordered.
> 7/7/23